# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

CASE NO. 24-30304

**Yolanda Martin Singleton,**

                  **Plaintiff-Appellant**

**VERSUS**

**State of Louisiana, Louisiana Department of Wildlife and Fisheries; Louisiana Wildlife and Fisheries Commission,**

                  **Defendant-Appellee**

**On Appeal from the United States District Court**

**for the Middle District of Louisiana**

**USDC Civil Action No. 3:20-CV-00625**

## PLANTIFF- APPELLANT BRIEF

**LAW OFFICES OF YANCY A. CARTER**

**Yancy A. Carter, Texas Bar No. 21447788**

**Post Office Box 691442**

**Houston, Texas 77269**

**Telephone Phone No. 504-319-3625**

**Email yancycarter@yahoo.com**

**Counsel for the Plaintiff- Appellant**

# CERTFICATE OF INTERESTED PERSONS

_____

The undersigned counsel of record certifies that the following listed persons as described in the fourth sentence of the 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Honorable Court may evaluate possible disqualification or recusal.

**Mrs. Yolanda Martin Singleton, Appellant – Plaintiff**

**Mr. Yancy A. Carter, Trial Attorney for Appellant – Plaintiff**

**Louisiana Department of Wildlife and Fisheries – Appellee - Defendant**

**Louisiana Department of Wildlife and Fisheries Commission – Appellee Defendant**

**State of Louisiana – Appellee-Defendant**

**Ms. Carla S. Courtney attorney for Appellee - Defendant**

**Mr. Thomas Moore Hayes, IV attorney for Appellee - Defendant**

**Mr. Alejandro Raeshod Perkins attorney for Appellee - Defendant**

**Mr. Courtney T. Joiner attorney for Appellee - Defendant**

# **TABLE OF CONTENTS**

|  | **PAGE** |
|---|---|
| **CERTIFICATE OF INTERESTED PARTIES** | i |
| **TABLE OF CONTENTS** | ii |
| **TABLE OF AUTHORITIES** | iii |
| **STATEMENT OF ORAL ARGUMENT** | iv |
| **STATEMENT OF JURISDICTION** | iv |
| **STATEMENT OF THE ISSUES** | v |
| **STATEMENT OF THE CASE** | vi |
| **FACTS** | vii |
| **ARGUMENT** | ix |
| **CONCLUSION** | xi |
| **CERTIFICATE OF SERVICE** | xii |
| **CERTIFICATE OF COMPLIANCE** | xiii |

# **TABLE OF AUTHORITIES**

| | |
|---|---|
| *Templet v. HydroChem, Inc.* 367 F.3d 473 (5th Cir. 2004) | x |
| *United States v. Johnson* 327 U. S. 106 (1946) | x |

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff requests that this matter be decided solely on the briefs alone forgoing the need for oral argument.

## STATEMENT OF JURISDICTION

This is an appeal from a final judgement on a denial of a motion for reconsideration of the United States District Court for the Middle District of Louisiana ROA. 85 p.1-3. This Court has jurisdiction over the appeal under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1. **Plaintiff believes the trial court errored and abused its discretion by denying the Plaintiff's motion for reconsideration regarding attorney fees and costs because Plaintiff lacked proper electronic delivery in violation of due process.**

2. **The Trial Court commits manifest error by asserting the *Templet* case applies to the instant case.**

## STATEMENT OF THE CASE

The trial court errored when it denied Plaintiff's Motion for Reconsideration and in the Alternative Motion for New Trial in violation of due process as Yolanda Martin Singleton failed to receive notice of the motion and therefore was unable to address Defendant's motion for attorney fees and costs.

# FACTS

At the lower trial level, the Defendant, Louisiana Wildlife and Fisheries and Louisiana Wildlife and Fisheries Commission filed a Motion for Summary Judgment on February 28, 2023. Plaintiff filed her Opposition to Summary Judgement April 4, 2023. The Court granted the Defendant's Motion for Summary Judgement. The Defendant who had filed a counterclaim for breach of contract, filed a Motion to Dismiss that claim on August 1, 2023. On August 2, 2023, the Plaintiff figured all was well as the Court on its own, denied the Motion to Dismiss without prejudice filed by the Defendant. On August 3, 2023, the Defendant, the Louisiana Wildlife and Fisheries Commission filed a second Motion to Dismiss. Unfortunately, the Plaintiff's Counsel never received notice of this Motion as Plaintiff's email became inoperative by Microsoft disallowing the acceptance of emails. This strange event put into motion the framework for the instant appeal of the lower Court's denial of Plaintiff – Appellant's Motion for Reconsideration or in the Alternative Motion for New Trial. Additionally, on August 3, 2023, the Court made a RULING AND ORDER granting the Motion to Dismiss. Unfortunately, again the Plaintiff's Counsel never received notice of this Ruling and Order as Plaintiff's Counsel email was already inoperative. On August 3, 2023, the Court entered a judgment dismissing the Louisiana Wildlife and Fisheries Commission with prejudice. Unfortunately, once again the Plaintiff's

Counsel never received notice of this Judgement as Plaintiff's Counsel email was inoperative. On August 17, 2023, the Defendant filed a Motion for Attorney Fees and Costs against the Plaintiff. Unfortunately, again the Plaintiff's Counsel never received notice of this Motion for Attorney Fees and Costs as Plaintiff's Counsel email was inoperative. On March 6, 2024, a RULING AND ORDER granting Defendant's Motion for Attorney's Fees and Costs. On March 7, 2024, Counsel for the Plaintiff was contacted by his client who asked if we responded to the Motion for Attorney Fees and Costs. Counsel for the Plaintiff indicated he was not aware of any motion as he did not receive service via email or regular mail from the Court, nor did the Court contact him by phone and asked if the Plaintiff intended to file an opposition[1]. From those facts, Plaintiff filed a Motion for Reconsideration or in the Alternative A Motion for New Trial on the issue of attorney fees and costs. The trial Court denied the Plaintiff's motion. Plaintiff filed a Notice of Appeal.

---

[1] It should be noted as soon as Plaintiff became aware of the issues with her email, it was updated.

# ARGUMENT

**Plaintiff believes the trial court errored and abused its discretion when it denied the Plaintiff's motion for reconsideration regarding attorney fees and costs because Plaintiff lacked proper electronic delivery in violation of due process.**

The trial court committed a manifest error when it denied the Plaintiff's Motion for Reconsideration and in the Alternative a Motion for New Trial on this issue of attorney fees and costs. Despite the trial court's argument that Plaintiff had duty of due diligence to keep following up with the case and that over six months had passed before the ruling was granted on attorney fees and costs, these arguments side-step the crux of the matter   While these issues were presented by the court, the Court errored as the instant case has nothing to do with those issues. The real issue is whether the Plaintiff was denied notice when his email was declared inoperative by Microsoft and whether this lack of notice denied the Plaintiff due process. Plaintiff contends that it does.

Moreover, when the clerk issued an email regarding attorney fees and costs and the email came back, Counsel for the Plaintiff was never notified. Further, the Trial Court before ruling on the issue of attorney fees and costs never called Counsel for the Plaintiff or sent a correspondence to Counsel for the Plaintiff to see if the Plaintiff intended to respond to Defendant's Motion for Attorney Fees and

Costs. Instead, the Trial Court asserts the six-month length between motion for attorney fees and costs and the actual ruling on the motion somehow makes it fair and proper when the Plaintiff lacked actual notice of the motion. [ROA 85 p.1] This failure to receive notice is a due process violation which requires that the Plaintiff be given an opportunity to contest the motion for attorney fees and costs.

**The Trial Court commits manifest error by asserting the *Templet* case applies to the instant case.**

The Trial Court alleges the Plaintiff's Motion for reconsideration seeks to rehash evidence, legal theories and arguments and cites *Templet v. HydroChem, Inc.* 367 F.3d 473 (5th Cir. 2004). However, this assertion is incorrect. Instead, Plaintiff's Motion for Reconsideration and the Alternative Motion for New Trial was filed to provide illumination on the issue that the Plaintiff lacked actual notice of the Motion for Attorney Fees and Costs. Therefore, she was not able to address it. The Supreme Court has held that new evidence allows for new trials. Thus, Supreme Court remanded the case to the district court to permit a motion for a new trial on the grounds of newly discovered evidence. *United States v. Johnson* 327 U. S. 106 (1946)  New evidence in the instant case was Plaintiff was unaware of the Defendant's Motion for attorney fees and costs. Therefore, Plaintiff's case should be remanded back to the Trial Court on the issue of attorney fees and costs and the Plaintiff should be allowed to address this issue.

## CONCLUSION

After considering the law, arguments and evidence the Plaintiff prays that this matter be remanded back to the lower court to allow the Plaintiff to address Defendant's Motion for Attorney Fees and Costs. Plaintiff believes if the Court was aware before making it's ruling on attorney fees and costs that plaintiff had no actual notice of the motion, it would not have ruled on this issue. Instead, the Court would have allowed additional time for the Plaintiff to respond. Thus, Plaintiff seeks an order to set aside the judgement for attorney fees and costs and have this case remanded back to the lower court to allow the Plaintiff opportunity to respond to the Defendant's Motion for Attorney Fees and Costs.

Respectfully submitted,

/s/ Yancy A. Carter

TX Bar No, 24117788
LAW OFFICES OF YANCY A. CARTER
P.O. Box 691442
Houston, Texas 77269
(504) 319-3625 –
Telephone
yancycarter@yahoo.co
*Attorney for Plaintiff - Appellant*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document has been forwarded to the following counsel of record pursuant to the Federal Rules of Civil Procedure on the 11th day of July, 2024:

/s/ Yancy A. Carter
Yancy A. Carter

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P.32(a)(7)(B) because it contains approximately 1975 words and 120 lines of text excluding the parts of the brief exempted by Fed. R. App. P 32(a)(7)(B)(iii).

This brief was prepared using Microsoft Office Word 2017.


Respectfully submitted,

/s/ Yancy A. Carter　　　　　　　　　　　　　　　　　　　　　7/11/2024
TX Bar No, 24117788
LAW OFFICES OF YANCY A. CARTER
P.O. Box 691442
Houston, Texas 77269
(504) 319-3625 – Telephone
yancycarter@yahoo.com
*Attorney for Plaintiff - Appellant*