NO. 24-30304

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT


YOLANDA MARTIN-SINGLETON
Plaintiff-Appellant,

VERSUS

STATE OF LOUISIANA, LOUISIANA DEPARTMENT
OF WILDLIFE AND FISHERIES AND LOUISIANA DEPARTMENT
OF WILDLIFE AND FISHERIES COMMISSION
Defendants-Appellees.
_____

On Appeal from the United States District Court
for the Middle District of Louisiana
USDC Civil Action No. 3:20-cv-00625
_____

DEFENDANTS-APPELLEES' BRIEF
_____

        ATTORNEY FOR LOUISIANA DEPARTMENT
        OF WILDLIFE AND FISHERIES AND
        LOUISIANA WILDLIFE AND FISHERIES
        COMMISSION

        THOMAS M. HAYES, IV
        La. Bar Roll No. 28600
        HAMMONDS, SILLS, ADKINS, GUICE,
        NOAH & PERKINS, LLP
        1500 N. 19TH STREET, SUITE 301
        MONROE, LOUISIANA 71201
        Telephone: (318) 324-0101
        Facsimile: (318) 322-5375
        Email: thayes4@hamsil.com

## CERIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons as described in the fourth sentence of the 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Honorable Court may evaluate possible disqualification or recusal:

**Plaintiff-Appellant:**

Yolanda Martin-Singleton

**Defendants-Appellees:**

Louisiana Department of Wildlife and Fisheries; Louisiana Department of Wildlife and Fisheries Commisssion

**Counsel for Plaintiff-Appellant**

Yancey A. Carter

**Counsel for Defendants-Appellees:**

Thomas Moore Hayes IV and Mr. Alejandro Raeshod Perkins

**District Court Judge Rendering Decision Below:**

Honorable Brian Jackson, District Judge, U.S. District Court for the Middle District of Louisiana

    /s/Thomas M. Hayes IV  
    Attorney of Record for Defendants-Appellees

## STATEMENT REGARDING ORAL ARGUMENT

Appellees respectfully suggest that the Court forego oral argument.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ......................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ............................................... iii

TABLE OF CONTENTS ....................................................................................... iv

TABLE OF AUTHORITIES .................................................................................... v

STATEMENT OF THE CASE……………………………………………………1

SUMMARY OF THE ARGUMENT……………………………………………2

ARGUMENT……………………………………………………………………2

CONCLUSION ....................................................................................................... 3

CERTIFICATE OF SERVICE ................................................................................ 4

CERTIFICATE OF COMPLIANCE ....................................................................... 5

# TABLE OF AUTHORITIES

                                                                            **Page(s)**

**Cases**

*Allen v. Environgreen Landscape Prof'ls, Inc.,*
   721 F. App'x 322, 328 (5th Cir. 2017)..................................................................2

*Frew v. Young,*
   922 F. 3d 391, 397(5th Cir. 2021) .........................................................................3

*Lavespere v. Niagara Mach. & Tool Works, Inc.,*
   910 F. 2d 167, 173 (5th Cir. 1990) .......................................................................3

*Templet v. Hydrochem Inc.,*
   367 F. 3d 473, 479 (5th Cir. 2004) .......................................................................2

**Statutes**

42 U.S.C. § 1981……………………………………………………..………1

**Rules**

FRCP 12(c) ................................................................................................................1
FRCP 59(e) ...............................................................................................................2
FRCP 60(b) ...............................................................................................................3

Title VII of the Civil Rights Act of 1964 …..……………………………………...1

## STATEMENT OF THE CASE

Yolanda Martin-Singleton ("Singleton") appeals the denial of her Motion for Rehearing and Alternative Motion for New Trial on the issue of attorney's fees and costs awarded to Louisiana Department of Wildlife and Fisheries ("LDWF") and Louisiana Wildlife and Fisheries Commission ("LWFC") (collectively referred to as "Defendants"). Singleton filed suit against defendants alleging violations of Title VII of the Civil Rights Act of 1964 and 42 U.S.C §1981 and FMLA retaliation violation under FMLA. ROA.51. The Trial Court dismissed the claims against LDWF on a FRCP Rule 12(c) Motion for Judgment on the Pleadings, finding that Singleton had validly released all claim against LDWF prior resigning. ROA.390-402. The Court later dismissed all of Singleton's claims against the LWFC on Defendant's Motion for Summary Judgment, finding that LWFC was not her employer, and she failed to produce any evidence that she suffered discrimination. ROA.836-841. Defendants thereafter filed a Motion for Attorney's Fees and Costs, arguing that as the prevailing parties, they were entitled to attorney's fees and costs because Singleton's claims were groundless, baseless, and frivolous. ROA.858-869 Singleton filed no opposition to Defendant's Motion for Attorney's Fees and Costs. After considering the Defendant's properly supported and unopposed motion, the Trial Court issued an order granting Defendants their prayed for attorney's fees and costs. ROA.946-953.

Singleton then filed a Motion for Reconsideration the award of Attorney Fees and Costs or in the alternative a Motion for New Trial, alleging that her counsel never received notice that the Motion for Attorney Fees was filed because his email was inoperative. ROA.954-965. The Trial Court summarily and correctly denied the Singleton's motions. ROA.966-968. Singleton appeals the denial of her

1

Motion for Reconsideration or in the alternative a Motion for New Trial.

## SUMMARY OF THE ARGUMENT

Singleton fails to identify a manifest error of law or fact that would entitle her to reconsideration of the Motion for Attorney Fees and Costs. Counsel for Singleton claims he did not receive notice that Defendants filed a Motion for Attorney's Fees and Costs because his email inbox was full. The duty to maintain a functioning email rests solely on the counsel enrolled to represent that parties to the litigation. Singleton's argument is meritless.

## ARGUMENT

In response to Singleton's Motion for Reconsideration, the Trial Court correctly noted that Plaintiff sought relief under FRCP 59(e) which serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Allen v. Envirogreen Landscape Prof'ls, Inc.* 721 F. App'x 322, 328 (5th Cir 2017) quoting *Templet v. Hydrochem, Inc.,* 367 F. 3d 473, 479 (5th Cir. 2004). "A Motion for Reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id.* (quoting *Templet,* 367 F. 3d at 479). Singleton did not identify any manifest error of law or fact, she did not present new evidence, and she did not demonstrate an intervening change in the controlling law. Singleton wanted the Trial Court to reconsider the award of attorney's fees and costs to Defendants because her attorney failed to properly monitor and maintain the e-mail account he had registered with PACER. The Trial Court correctly found that Singleton's argument was meritless, and wholly insufficient to warrant the granting of a FRCP 59 (e) motion.

The Trial Court went on to hold that if Singleton's motion were considered

to have been brought under FRCP 60(b), an even "more exacting standard" for relief would apply. *Frew v. Young*, 992 F. 3d 391, 397 (5th Cir. 2021 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F. 2d 167, 173 (5th Cir. 1990). The Trial Court correctly noted that Singleton's Motion to Reconsider would be similarly unsuccessful under a FRCP 60(b) analysis.

Now on appeal, Singleton still fails to cite a single piece of new evidence that would entitle her to a hearing on a Motion for Reconsideration. Singleton and her counsel being unaware that Defendants filed a Motion for Attorney Fees and Costs[1] does not constitute evidence of anything other than that Singleton failed to diligently monitor the status of her case.

## CONCLUSION

Singleton has not established any basis upon which she would be entitled to reconsideration of the Trial Court's award of attorney fees and costs to Defendants. The ruling of the District Court was proper, and should be affirmed.

Respectfully Submitted

/s/Thomas M. Hayes IV
Thomas M. Hayes IV (Bar #28600)
HAMMONDS, SILLS, ADKINS, GUICE, NOAH & PERKINS LLP
1500 N. 19th St. Suite 301
Monroe, LA 71201
Telephone: (318)324-0101
Facsimile: (318)322-5375
Email: thayes4@hamsil.com

---

[1] The Motion for Attorney's Fees and Costs was filed on August 17, 2023 and was pending before the Trial Court until the Ruling and Order was issued on March 6, 2024 – a period of over 6 months. ROA.858, 946

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of July 2024, I electronically filed the foregoing with the Office of the Clerk for the United States District Court of Appeals for the Fifth Circuit by using the CM/ECF systems which provides electronic notice of filing to all counsel of record.

/s/Thomas M. Hayes IV

4

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed R. App. P. 32(a)(7)(B) because this brief contains 734 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point, Times New Roman font.

/s/Thomas M. Hayes IV