# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

### CASE NO. 24-30304

### Yolanda Martin Singleton,

**Plaintiff-Appellant**

### VERSUS

**State of Louisiana, Louisiana Department of Wildlife and Fisheries; Louisiana Wildlife and Fisheries Commission,**

**Defendant-Appellee**

---

### On Appeal from the United States District Court

### for the Middle District of Louisiana

### USDC Civil Action No. 3:20-CV-00625

---

### PLANTIFF- APPELLANT BRIEF

LAW OFFICES OF YANCY A. CARTER

Yancy A. Carter, Texas Bar No. 21447788

Post Office Box 691442

Houston, Texas 77269

Telephone Phone No. 504-319-3625

Email yancycarter@yahoo.com

Counsel for the Plaintiff- Appellant

i

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons as described in the fourth sentence of the 5th Cir. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Honorable Court may evaluate possible disqualification or recusal.

1. Mrs. Yolanda Martin Singleton, Appellant – Plaintiff

2. Mr. Yancy A. Carter, Esq.- Counsel for Appellant

3. Louisiana Department of Wildlife and Fisheries – Appellee

4. Louisiana Department of Wildlife and Fisheries Commission – Appellee

5. State of Louisiana – Appellee

6. Ms. Carla S. Courtney attorney for Appellee

7. Mr. Thomas Moore Hayes, IV attorney for Appellee

8. Mr. Alejandro Raeshod Perkins attorney for Appellee

9. Mr. Courtney T. Joiner attorney for Appellee

/s/ Yancy A. Carter
Attorney for Plaintiff – Appellant

ii

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff respectfully requests that this matter be decided solely on the briefs and forego oral argument.

# TABLE OF CONTENTS

**PAGE**

| | |
|---|---|
| CERTIFICATE OF INTERESTED PARTIES | ii |
| STATEMENT REGARDING ORAL ARGUMENT | iii |
| TABLE OF CONTENTS | iv |
| TABLE OF AUTHORITIES | v |
| STATEMENT OF JURISDICTION | vi |
| ISSUES PRESENTED FOR REVIEW | vi |
| STATEMENT OF THE CASE | vi |
| SUMMARY OF THE ARGUMENT | viii |
| PROCEDURAL BACKGROUND | viii |
| STANDARD OF REVIEW | ix |
| ARGUMENT | xi |
| CONCLUSION | xii |
| CERTIFICATE OF SERVICE | xiii |
| CERTIFICATE OF COMPLIANCE | xiv |

# TABLE OF AUTHORITIES

## Cases

*Templet v. HydroChem, Inc.* 367 F.3d 473, 478 (5th Cir. 2004) . . . . . . . . . . vi, xiii

*United States v. Johnson 327 U. S. 106, 109 (1946)* . . . . . . . . . . . . . . . . . . . . . . xiii

*Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974), *vacated in part, Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x

*Hensley* v. *Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 . . . . . . . . ix, xi

*Blum v. Stenson*, 104 S.Ct. 1541 , 465 U.S. 886 , 79 L.Ed.2d 891 . . . . . . . . . . . xi

## Statutes

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vi

42 U.S.C. § 1981…………………………………………………..………vi

29 U.S.C. §§12601-2654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .vi

## Rules

5th Cir. Rule 28.2.1…………………………………………………………………ii

FRCP 12(c) ...............................................................................................................vii

Title VII of the Civil Rights Act of 1964 …..………………………………………...vi

## STATEMENT OF JURISDICTION

This is an appeal from a final judgement on a denial of a motion for reconsideration of the United States District Court for the Middle District of Louisiana.[1] This Court has jurisdiction over the appeal under 28 U.S.C. § 1291.

## ISSUE PRESENTED FOR REVIEW

1. Whether the trial court errored and abused its discretion by denying the Plaintiff's motion for reconsideration regarding attorney fees and costs due to Plaintiff lacked proper electronic delivery in violation of due process.

2. Whether the Trial Court committed manifest error by applying the *Templet* case as applicable to the instant matter.

## STATEMENT OF THE CASE

Yolanda Singleton, plaintiff, appeals the denial of her Motion for Rehearing and Alternatively for a New Trial on the issue of attorney's fees and cost awarded to Louisiana Department of Wildlife and Fisheries ("LDWF" and Louisiana Wildlife and Fisheries Commission ("LWFC") collectively hereinafter "Defendants". Plaintiff filed suit against defendants asserting violations of Title VII of the Civil Rights Act of 1964 and 42U.S.C. §1981 and 29 U.S.C. §§12601-2654 FMLA retaliation violation under FMLA.[2]  The trial court dismissed the claims against

---

[1] ROA.85 p.1-3
[2] ROA.51

LDWF on a Rule FRCP Rule 12( c) Motion for Judgment on the Pleadings, finding that plaintiff had validly released all claims against LDWF prior resigning.[3] The Court later dismissed all of plaintiff's claims against the LWFC on Defendant's Motion for Summary Judgment, finding that LWFC was not her employer, and she failed to produce any evidence that she suffered discrimination.[4] Defendants thereafter filed a Motion for Attorney's Fees and Costs, arguing that as the prevailing parties, they were entitled to attorney's fees and costs because Singleton's claims were groundless, baseless, and frivolous.[5]   Plaintiff filed no opposition to Defendant's Motion for Attorney's Fees and Costs. After considering the Defendant's properly supported and unopposed motion, the Trial Court issued an order granting Defendants their prayed for attorney's fees and costs.[6]

Plaintiff then filed a Motion for Reconsideration the award of Attorney Fees and Costs or in the alternative a Motion for New Trial, asserting that counsel never received notice that the Motion for Attorney Fees was filed because his email was inoperative.[7] The Trial Court summarily denied the plaintiff's motions.[8] Plaintiff appeals the denial of her case, specifically, the award of attorney fee and cost.

---

[3] ROA.390-402
[4] ROA.836-841
[5] ROA.858-869
[6] ROA.946-953
[7] ROA.954-965
[8] ROA.966-968.

## SUMMARY OF THE ARGUMENT

Plaintiff shows that an electronic error case the default in not being able to respond to the defendants' request for attorney fees and cost.  As such, the plaintiff is prejudiced by the denial to address the issue of regarding the award of attorney fees and cost, which is excessive under the law.

## PROCEDURAL BACKGROUND

On March 28, 2023 the Defendants, Louisiana Wildlife and Fisheries and Louisiana Wildlife and Fisheries Commission filed a Motion for Summary Judgment.  Plaintiff filed her Opposition to Summary Judgement April 4, 2023. On July 25, 2023, the Court granted the Defendant's Motion for Summary Judgement. The Defendant who had filed a counterclaim for breach of contract, filed a Motion to Dismiss that claim on August 1, 2023.  On August 2, 2023, the Plaintiff figured all was well as the Court on its own, denied the Motion to Dismiss without prejudice filed by the Defendant.   On August 3, 2023, the Defendant, the Louisiana Wildlife and Fisheries Commission filed a second Motion to Dismiss. Unfortunately, the Plaintiff's Counsel never received notice of this Motion as Plaintiff's email became inoperative by Microsoft disallowing the acceptance of emails. This strange event put into motion the framework for the instant appeal of the lower Court's denial of Plaintiff – Appellant's Motion for Reconsideration or in the Alternative Motion for New Trial. Additionally, on August 3, 2023, the Court made a RULING AND

ORDER granting the Motion to Dismiss. Unfortunately, again the Plaintiff's Counsel never received notice of this Ruling and Order as Plaintiff's Counsel email was already inoperative. On August 3, 2023, the Court entered a judgment dismissing the Louisiana Wildlife and Fisheries Commission with prejudice. Unfortunately, once again the Plaintiff's Counsel never received notice of this Judgement as Plaintiff's Counsel email was inoperative. On August 17, 2023, the Defendant filed a Motion for Attorney Fees and Costs against the Plaintiff. Unfortunately, again the Plaintiff's Counsel never received notice of this Motion for Attorney Fees and Costs as Plaintiff's Counsel email was inoperative. On March 6, 2024, a RULING AND ORDER granting Defendant's Motion for Attorney's Fees and Costs. On March 7, 2024, Counsel for the Plaintiff was contacted by his client who asked if we responded to the Motion for Attorney Fees and Costs. Counsel for the Plaintiff indicated he was not aware of any motion as he did not receive service via email or regular mail from the Court, nor did the Court contact him by phone and asked if the Plaintiff intended to file an opposition. From those facts, Plaintiff filed a Motion for Reconsideration or in the Alternative A Motion for New Trial on the issue of attorney fees and costs. The trial Court denied the Plaintiff's motion. Plaintiff filed a Notice of Appeal.

## STANDARD OF REVIEW

In *Hensley* v. *Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983, the court provided instruction and held that "The most useful starting point for

determining the amount of a reasonable fee is *the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.* This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district [trial] court may reduce the award accordingly." The Court of Appeals for the Fifth Circuit, *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir.1974),vacated in part, *Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989), promulgated a number of factors, later adopted by the Supreme Court in *Hensley* v. *Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), to apply in exercising the court's discretion when awarding attorney's fees against a party in a civil rights action:

"(1) *The time and labor required.* ... (2) *The novelty and difficulty of the questions.* ... (3) *The skill requisite to perform the legal service properly.* ... (4) *The preclusion of other employment by the attorney due to acceptance of the case.* ... (5) *The customary fee.* ... (6) *Whether the fee is fixed or contingent.*... (7) *Time limitations imposed by the client or the circumstances.* ... (8) *The amount involved and the results obtained* [This is a cost-benefit standard.]... (9) *The experience, reputation, and ability of the attorneys.* ... (10) *The `undesirability' of the case.*... (11) *The nature and length of the professional relationship with the client.*... (12) *Awards in similar cases.*"

*Johnson,* 488 F.2d at 717-19 (alteration added). Clearly, the factors in *Johnson* are, in large part, comparable to the factors of Louisiana Code of Civil Procedure article 2164. *Johnson* also stated that "[t]he reasonableness of the award is to be judged by the abuse of discretion standard of review." *Id.* at 717.

This standard is codified in the Louisiana Code of Civil Procedure Article 2164, which states that the appellate court can award damages, including attorney fees, for frivolous appeals. The court can also tax the costs of the lower or appellate court against any party to the suit.

When determining if a fee is reasonable, a lawyer should consider factors such as:

- The time and labor required
- The novelty and difficulty of the issues

- The skill required to perform the legal service
- The fee customarily charged in the locality for similar legal services
- The amount involved and the results obtained

In *Blum v. Stenson*, 104 S.Ct. 1541 , 465 U.S. 886 , 79 L.Ed.2d 891, the court held that the statute and its legislative history establish that "reasonable **fees**" are to be calculated according to the prevailing market rates in the relevant community, not according to the **cost** of providing legal services, regardless of whether the prevailing party is represented by private profit-making attorneys or nonprofit legal aid organizations. Policy arguments in favor of a **cost**-based **standard** should be addressed to Congress rather than to this Court. Pp. 892-896.  There is no merit to the argument that an "upward adjustment" of a reasonable **fee**—calculated by multiplying the reasonable number of hours expended times a reasonable hourly **fee** is never permissible. The statute and its legislative history establish that the "product of rea- sonable hours times a reasonable rate" normally provides a "reasonable" **attorney**'s **fee**,  but "in   some cases of  exceptional   success   an enhanced **award** may be justified." *Hensley v. Eckerhart,* 461 U.S. 424, ----, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40. Pp. 896-897.

## ARGUMENT

The trial court errored and abused its discretion by denying the Plaintiff's motion for reconsideration regarding attorney fees and costs due to Plaintiff lacked proper electronic delivery in violation of due process.

The trial court committed a manifest error when it denied the Plaintiff's Motion for Reconsideration and in the Alternative a Motion for New Trial on this issue of attorney fees and costs. Despite the trial court's argument that Plaintiff had duty of due diligence to keep following up with the case and that over six months had passed before the ruling was granted on attorney fees and costs, these arguments side-step the crux of the matter   While these issues were presented by the court, the Court errored as the instant case has nothing to do with those issues.  The real issue is whether the Plaintiff was denied notice when his email was declared inoperative by Microsoft and whether this lack of notice denied the Plaintiff due process. Plaintiff contends that it does.

Moreover, when the clerk issued an email regarding attorney fees and costs and the email came back, Counsel for the Plaintiff was never notified. Further, the Trial Court before ruling on the issue of attorney fees and costs never called Counsel for the Plaintiff or sent a correspondence to Counsel for the Plaintiff to see if the Plaintiff intended to respond to Defendant's Motion for Attorney Fees and Costs. Instead, the Trial Court asserts the six-month length between motion for attorney fees and costs and the actual ruling on the motion somehow makes it fair and proper when the Plaintiff lacked actual notice of the motion. [ROA 85 p.1] This failure to receive notice is a due process violation which requires that the Plaintiff be given an opportunity to contest the motion for attorney fees and costs.

**The Trial Court commits manifest error by asserting the *Templet* case applies to the instant case.**

The Trial Court alleges the Plaintiff's Motion for reconsideration seeks to rehash evidence, legal theories and arguments and cites *Templet v. HydroChem, Inc.* *367 F.3d 473, 478* (5th Cir. 2004). However, this assertion is incorrect. Instead, Plaintiff's Motion for Reconsideration and the Alternative Motion for New Trial was filed to provide illumination on the issue that the Plaintiff lacked actual notice of the Motion for Attorney Fees and Costs. Therefore, she was not able to address it. The Supreme Court has held that new evidence allows for new trials. Thus, Supreme Court remanded the case to the district court to permit a motion for a new trial on the grounds of newly discovered evidence. *United States v. Johnson 327 U. S. 106, 109 (1946)* New evidence in the instant case was Plaintiff was unaware of the Defendant's Motion for attorney fees and costs. Therefore, Plaintiff's case should be remanded back to the Trial Court on the issue of attorney fees and costs and the Plaintiff should be allowed to address this issue.

**CONCLUSION**

After considering the law, arguments and evidence the Plaintiff prays that this matter be remanded back to the lower court to allow the Plaintiff to address Defendant's Motion for Attorney Fees and Costs. Plaintiff believes if the Court was aware before making it's ruling on attorney fees and costs that plaintiff had no actual

notice of the motion, it would not have ruled on this issue. Instead, the Court would have allowed additional time for the Plaintiff to respond. Thus, Plaintiff seeks an order to set aside the judgement for attorney fees and costs and have this case remanded back to the lower court to allow the Plaintiff opportunity to respond to the Defendant's Motion for Attorney Fees and Costs.

Respectfully submitted,

/s/ Yancy A. Carter
TX Bar No, 24117788
LAW OFFICES OF YANCY A. CARTER
P.O. Box 691442
Houston, Texas 77269
(504) 319-3625 –
Telephone
yancycarter@yahoo.co
*Attorney for Plaintiff – Appellant*

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing document has

been forwarded to the following counsel of record pursuant to the Federal Rules of

Civil Procedure on the 5th day of October 2024:


/s/ Yancy A. Carter
Yancy A. Carter

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation

of Fed. R. App. P.32(a)(7)(B) because it contains approximately 2055 words

and 123 lines of text excluding the parts of the brief exempted by Fed. R. App.

P 32(a)(7)(B)(iii).

This brief was prepared using Microsoft Office Word 2017.

Respectfully submitted,

/s/ Yancy A. Carter                                        9/05/2024

TX Bar No, 24117788

LAW OFFICES OF YANCY A. CARTER

P.O. Box 691442

Houston, Texas 77269

(504) 319-3625 –

Telephone

yancycarter@yahoo.co

m

*Attorney for Plaintiff -*

*Appellant*